Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM
90981

COMMONWEALTH OF KENTUCKY
ALLEN CIRCUIT COURT
DIVISION_____
CIVIL ACTION NO. 23-CI-_____

**FILED ELECTRONICALLY**

TAMMIE AUSTIN                                                    PLAINTIFF

VS.                              **COMPLAINT**

STATE FARM FIRE AND                                     DEFENDANT
CASUALTY COMPANY

    SERVE:     **VIA CERTIFIED MAIL**
                Corporation Service Company, Registered Agent
                421 West Main Street
                Frankfort, KY 40601

AND

AMERICAN BANK & TRUST CO., INC.                         DEFENDANT

    SERVE:     **VIA CERTIFIED MAIL**
                ELPO Corporate Services, LLC
                1101 College street
                Bowling Green, KY 42101

**** **** **** ****

Come the Plaintiff, Tammie Austin, by counsel, and for her Complaint against State Farm Fire and Casualty Company and American Bank & Trust Company, Inc. hereby states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    The Plaintiff is and was at all times hereto a citizen and resident of Allen County, Kentucky.

EXHIBIT A

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000001 of 000012

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

Filed            23-CI-00306        09/19/2023        Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM
90981

2.  The Defendant State Farm Fire and Casualty Company, ("State Farm"), is and was at all times relevant hereto, an Illinois insurance company with its principal place of business in Illinois. State Farm's agent for service of process is Corporation Service Company with a service of process address on file with the Kentucky Department of Insurance is 421 West Main Street, Frankfort, KY 40601.

3.  The Defendant American Bank & Trust Company, Inc. ("AB&T") is a Kentucky corporation with its principal place of business in Kentucky. AB&T's agent for service of process is ELPO Corporate Services, LLC, with a service of process address on file with the Kentucky Secretary of State's office of 1101 College Street, Bowling Green, Ky 42101.

4.  Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's Cause of Action occurred in Allen County, Kentucky, and concern an insurance policy issued by Defendant State Farm covering a residential structure located in Allen County, Kentucky.

5.  This Court may lawfully exercise jurisdiction over each Defendant.

6.  The amount in controversy exceeds the minimum jurisdictional limits of this Court.

### FACTS

7.  Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

8.  Plaintiff and her spouse James E. Moore, Jr. owned a residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky (the "Residence").

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000002 of 000012

2

Filed          23-CI-00306          09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM                                                                          90981

9.     Defendant State Farm had issued a policy of insurance to Mr. Moore, that provided coverage for the Residence and the personal property contained therein (hereinafter the "Policy").

10.    On or about June 27, 2022 the Residence was substantially damaged by fire.

11.    The Policy was in force and in effect at the time of the aforementioned fire.

12.    Defendant State Farm concluded that the fire had been set by Mr. Moore just before he took his own life.

13.    Upon information and belief, Mr. Moore was in such a psychological state as to be incapable of appreciating the nature or consequences of his actions.

14.    At the time of the fire, Plaintiff and Mr. Moore were estranged and the process of a divorce.

15.    Plaintiff had no involvement of any kind in relation to the fire.

16.    Plaintiff had an insurable interest in the Residence.

17.    Plaintiff had substantial personal property at the Residence at the time of the fire.

18.    Plaintiff's personal property located at the Residence was destroyed as a direct and proximate result of the fire.

19.    Defendant AB&T held a mortgage interest in the Residence.

20.    Defendant AB&T had an insurable interest in the Residence.

21.    On or about July 12, 2023, State Farm denied payment of any kind to Plaintiff asserting that the intentional acts exclusion barred coverage.

22.    Defendant State Farm intentionally misrepresented the actual text of the policy, and misidentified the headings of the exclusion to make it difficult for Plaintiff to identify an innocent insured exception to the exclusion.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000003 of 000012

3

Filed            23-CI-00306      09/19/2023            Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM
90981

23.     The intentional acts exclusion does not apply to Plaintiff's insurance claim.

24.     Even if the intentional acts exclusion applied, the innocent insured exception to the exclusion applies to Plaintiff's claims.

25.     Defendant State Farm actively misrepresented the contents of the policy.

26.     Defendant State Farm engaged in a pattern of conduct to create the maximum delay in processing a claim Defendant State Farm did not wish to pay.

27.     Plaintiff and Defendant AB&T each have an interest in proceeds of the insurance policy covering the Residence.

28.     Plaintiff has not been fully compensated for her loss.

29.     Defendant State Farm has not met it's contractual obligations to the Plaintiff.

**COUNT I**
**BREACH OF CONTRACT**
**Defendant State Farm**

30.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

31.     Defendant State Farm had a contractual obligation to compensate Plaintiff for the damages she sustained as a result of damage to the Residence caused by fire.

32.     Defendant State Farm had no valid factual basis to decline coverage for Plaintiff's claims.

33.     Defendant State Farm had no valid contractual basis to decline coverage for Plaintiff's claims.

34.     Defendant State Farm breached their contract to insure the Plaintiff by failing to pay Plaintiffs claims arising out of the fire at the Residence in accordance with the terms and conditions of the policy.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000004 of 000012

Filed            23-CI-00306      09/19/2023            Todd B. Calvert, Allen Circuit Clerk

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM
90981

35.    Defendant knew that it was reasonably foreseeable that their breach of contract would result in financial losses to the Plaintiff.

36.    Plaintiff sustained direct and consequential damages as a direct and proximate result of Defendant State Farm's breach of contract.

<u>COUNT II</u>
**BREACH OF THE IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING
COMMON LAW BAD FAITH
Defendant State Farm**

37.    Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

38.    Defendant State Farm had an implied duty of good faith and fair dealing in conducting business with the Plaintiffs in regards to the handling of the Plaintiff's fire claim, including but not limited to:

a.    dealing fairly with the Plaintiff insured, giving equal consideration *in all matters* to the Plaintiff's interest

b.     To dispute only those matters that are legitimately in dispute with respect to the claim;

c.    To refrain from making misrepresentations of fact;

d.    To refrain from making misrepresentations of the contents of the policy; and

e.    To deal fairly with the insured in all aspects of the claim.

39.    Defendant State Farm breached its implied duty of good faith and fair dealing with respect to its insured, the Plaintiff, by:

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000005 of 000012

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

Filed          23-CI-00306   09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM                                                                                        90981

a.    Dealing unfairly with Plaintiff, and placing the interests of State Farm ahead of the Plaintiff's in the investigation of the claim and in the interpretation of the insurance policy;

b.    Disputing matters that were not reasonably in dispute;

c.    Misrepresenting the facts of the loss;

d.    Misrepresenting the contents of the policy, and citing to the policy in a manner intended to conceal those misrepresentations; and

e.    Generally dealing unfairly with the Plaintiff in the handling of all aspects of her claims.

40.    Defendant State Farm knew that it was reasonably foreseeable that their breach of the implied duty of good faith and fair dealing would result in financial harm to the Plaintiff.

41.    Plaintiff sustained direct and consequential damages as a direct and proximate result of Defendant State Farm's breach of their duty of good faith and fair dealing with the Plaintiff.

## COUNT III
### VIOLATION OF THE KENTUCKY UNFAIR CLAIMS SETTLEMENT PRACTICES ACT UNDER KRS § 446.070
### Defendant State Farm

42.    Plaintiffs repeat, re-allege, and reassert each and every allegation contained within the preceding paragraphs as though set forth fully herein.

43.    At all times relevant hereto, Defendant State Farm knew or should have known that the Policy it issued to Plaintiff provided coverage for the damages sustained by Plaintiff.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000006 of 000012

Filed          23-CI-00306   09/19/2023          Todd B. Calvert, Allen Circuit Clerk

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM
90981

44.     Despite the fact that liability is and was reasonably clear and that the Plaintiff have suffered damages, State Farm misapplied an exclusion in the policy to wrongly bar coverage for the claims.

45.     Defendant State Farm, breached its duties to Plaintiff and violated KRS §304.12-230 by engaging in the following conduct:

   a.   Misrepresenting the policy as containing an intentional acts exclusion without exception for innocent insureds, by misciting the policy to conceal this exception in its claims denial letter, and by engaging in efforts that clearly demonstrated that Mr. Moore was incapable of understanding his actions and the consequences thereof at the time of the loss, but refusing to acknowledge the same in the ultimate denial of the claim;

   b.   By refusing to pay Plaintiff's claims without conducting a reasonable investigation based on all available information;

   c.   By failing to attempt a good faith resolution of Plaintiffs' claims despite the fact that liability under the policy had become reasonably clear;

   d.   By compelling Plaintiff to initiate litigation to receive any form of settlement offer; and

   e.   By failing to promptly provide a reasonable basis for the denial of Plaintiff's claims in relation to the facts, law, and policy provisions at issue.

46.     Plaintiff has been damaged by Defendant State Farm's violation of KRS §304.12-230 and are entitled to recover damages under KRS § 446.070.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000007 of 000012

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

Filed          23-CI-00306      09/19/2023        Todd B. Calvert, Allen Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

10/19/2023 01:52:58

90981

## COUNT IV
### VIOLATION OF THE CONSUMER PROTECTION ACT AS CONTAINED IN KRS § 367.110 ET SEQ.
### Defendant State Farm

47.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

48.     Plaintiff purchased an insurance policy from Defendant State Farm covering her home and its contents and had the reasonable expectation that Defendant State Farm would act in good faith with respect to the resolution of their claim.

49.     Defendant State Farm violated the Kentucky Consumer Protection Act as contained in KRS 367.170 by:

   a.   Acting in an unfair, false, misleading or deceptive manner in dealing with Plaintiff and her claims by delaying its investigation into the claim, misrepresenting the contents of the policy, and failing to acknowledge clearly applicable exceptions to exclusions in relation to the denial of Plaintiff's claims.

50.     As a result of the Defendant State Farm's violation of the Kentucky Consumer Protection Act, the Plaintiff is entitled to damages, attorneys' fees, and punitive damages in accordance with KRS 367.220.

51.     Plaintiff is also permitted to recover damages she sustained as a direct and proximate result of Defendant State Farm's violation of the Kentucky Consumer Protection act pursuant to KRS § 446.070.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000008 of 000012

8

Filed          23-CI-00306     09/19/2023        Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM
90981

## COUNT V
### DECLARATORY JUDGMENT UNDER KRS § 418.040
### Defendant State Farm

52.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

53.     This Court has general jurisdiction over the matters set forth herein.

54.     An actual controversy exists between Plaintiff, Defendant AB&T and Defendant State Farm with respect to how the proceeds of the Policy are payable.

55.     Plaintiffs seek a declaration of rights, obligations, and duties of Defendant State Farm to Plaintiff and Defendant AB&T.

56.     Plaintiff has submitted a claim to Defendant State Farm.

57.     Defendant AB&T also has a claim to proceeds of the policy issued by Defendant State Farm.

58.     The claim for the damage to the Residence falls within the scope of coverage of the Policy.

59.     Both Defendant AB&T and Plaintiff have an insurable interest in the Residence.

60.     The claim for the damage to Plaintiff's personal property within the residence falls within the scope of coverage of the Policy.

61.     Only Plaintiff has an insurable interest in the claim for damage to the Plaintiff's personal policy.

62.     No exclusion applies to the coverage in the Policy.

63.     Even if an exclusion within the Policy applies, an exception applies to with respect to the claims asserted by the Plaintiff.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000009 of 000012

9

Filed                    23-CI-00306      09/19/2023      Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:52:58
PM                                                                  90981

64.     For the foregoing reasons, Plaintiff askes that this Court enter an Order setting forth Defendant State Farm's obligations and duties to the Plaintiff and to Defendant AB&T.

65.     Plaintiff also asks that this Court enter an Order directing Defendant State Farm pay any and all claims due under the policy to Plaintiff.

66.     Plaintiff also asks that this Court enter an Order directing Defendant State Farm pay Defendant AB&T only the amount to which Defendant AB&T is entitled, as limited by Defendant AB&T's insurable interest in the Residence, and only to the extent that the Policy provides coverage for those claims under the terms of the Policy

## PUNITIVE DAMAGES NOTICE

67.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs, as though set forth fully herein.

68.      Defendant State Farm acted in such an intentional and/or grossly negligent manner that Plaintiff is entitled to an award of punitive damages.

## CAUSATION AND DAMAGES

69.     Plaintiff repeats, re-alleges, and reasserts each and every allegation contained within the preceding paragraphs as though set forth fully herein.

70.     As a direct and proximate result of the conduct of Defendant State Farm, Plaintiff has been caused to suffer, and will suffer in the future the following damages:

      a.     Past, present, and future mental pain and suffering;

      b.     Property damage;

      c.     Actual, consequential, incidental, and foreseeable damages;

      d.     Attorneys' fees, costs, pre- and post-judgment interest, punitive damages and expenses to the extent applicable.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000010 of 000012

10

Filed          23-CI-00306    09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2023 01:52:58 PM

90981

WHEREFORE, the Plaintiff Tammie Austin, pray the Court as follows:

    1.    For a judgment against the Defendants, with Plaintiff reserving the right to advise the trier of fact as to what amounts are fair and reasonable, as shown by the evidence;

    2.    For a trial cause by a jury;

    3.    That they be awarded all their damages enumerated above, including actual, consequential, punitive, incidental, and foreseeable damages, punitive damages, their attorneys' fees, costs, expenses herein expended, pre-judgment and post-judgment interest, and any and all equitable relief that may be appropriate;

    4.    Entry of a Declaratory Judgment directing Defendant State Farm to pay Plaintiff any and all moneys due her under the terms of the insurance policy arising out of the destruction of the Residence by fire, as well as the contents owned by the Plaintiff that were destroyed therein; and

    5.    Any other relief to which the Court may deem them entitled.

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000011 of 000012

Filed          23-CI-00306    09/19/2023          Todd B. Calvert, Allen Circuit Clerk

Filed

DOCUMENT

PM

NOT ORIGINAL

10/19/2023 01:52:58

90981

## CONTEMPORANEOUS DISCOVERY NOTICE

Defendant State Farm is hereby given notice that written discovery in the form of Interrogatories and Requests for Production of Documents was served contemporaneously with this Complaint.

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

**/s/ Taylor M. Shepherd**

Taylor M. Shepherd
Kennedy D. Slusher
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:    859.469.5000
Facsimile:    859.469.5001
Email: taylor@goldenlawoffice.com
Email: kennedy@goldenlawoffice.com
COUNSEL FOR PLAINTIFF

Presiding Judge: HON. MARK A. THURMOND (649413)

COM : 000012 of 000012

12



AOC-E-105     Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **23-CI-00306** ORIGINAL

Court: **CIRCUIT**

County: **ALLEN** 10/19/2023 01:53:07 PM

**CIVIL SUMMONS**

90981

---

*Plaintiff,* **AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A**, *Defendant*

TO:  **STATE FARM FIRE AND CASUALTY COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

            /s/ Todd B. Calvert, Allen
            Circuit Clerk
            Date: **9/19/2023**

Presiding Judge: HON. MARK A. THURMOND (649413)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____    _____
                          Served By

                       _____
                          Title

CI : 000001 of 000001

---



**eFiled**



| AOC-E-105        Sum Code: CI | | Case #:  **23-CI-00306** ~~ORIGINAL~~ |
| Rev. 9-14 | | Court:  **CIRCUIT** |
| Commonwealth of Kentucky | | County: **ALLEN** 10/19/2023 01:53:17 PM |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | 90981 |

*Plantiff,* **AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is STATE FARM FIRE AND CASUALTY COMPANY

The Commonwealth of Kentucky to Defendant:
**STATE FARM FIRE AND CASUALTY COMPANY**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Todd B. Calvert, Allen
Circuit Clerk
Date: **9/19/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____        _____
                                                        Served By

                                                    _____
                                                        Title

*Presiding Judge: HON. MARK A. THURMOND (649413)*

*CI : 000001 of 000001*



*e*Filed



| AOC-E-105      Sum Code: CI | Case #: **23-CI-00306** ORIGINAL |
| Rev. 9-14 | |
| Commonwealth of Kentucky | Court: **CIRCUIT** |
| Court of Justice    *Courts.ky.gov* | County: **ALLEN** 10/19/2023 01:53:26 |
| CR 4.02; Cr Official Form 1 | PM |

**CIVIL SUMMONS**

90981

---

*Plantiff,* **AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A**, *Defendant*

TO: **AMERICAN BANK & TRUST CO., INC.**

**1101 COLLEGE STREET**

**BOWLING GREEN, KY 42101**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Todd B. Calvert, Allen
Circuit Clerk
Date: **9/19/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Summons ID: @00000095307
CIRCUIT: 23-CI-00306 Certified Mail
AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A



Page 1 of 1

*Presiding Judge: HON. MARK A. THURMOND (649413)*

CI : 000001 of 000001

**eFiled**



| AOC-E-105 | Sum Code: CI | | Case #: | **23-CI-00306** ORIGINAL |
| Rev. 9-14 | | | Court: | **CIRCUIT** |
| Commonwealth of Kentucky | | | County: | **ALLEN** 10/19/2023 01:53:36 |
| Court of Justice | *Courts.ky.gov* | | | |
| CR 4.02; Cr Official Form 1 | | **CIVIL SUMMONS** | | 90981 |

*Plantiff,* **AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A**, *Defendant*

TO: **ELPO CORPORATE SERVICES, LLC**

**1101 COLLEGE STREET**

**BOWLING GREEN, KY 42101**

Memo: Related party is AMERICAN BANK & TRUST CO., INC.

The Commonwealth of Kentucky to Defendant:
**AMERICAN BANK & TRUST CO., INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Todd B. Calvert, Allen
Circuit Clerk
Date: **9/19/2023**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: @00000095308
CIRCUIT: 23-CI-00306 Certified Mail
AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A



Page 1 of 1

*Presiding Judge: HON. MARK A. THURMOND (649413)*

*CI : 000001 of 000001*

eFiled

Filed    23-CI-00306    09/19/2023    Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2023 01:53:44 PM
90981

COMMONWEALTH OF KENTUCKY
ALLEN CIRCUIT COURT
DIVISION_____
CIVIL ACTION NO. 23-CI- _____

**FILED ELECTRONICALLY**

TAMMIE AUSTIN                                                           PLAINTIFF

VS.   **INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS SERVED UPON DEFENDANT STATE FARM CONTEMPORANEOUSLY WITH THE PLAINTIFF'S COMPLAINT**

STATE FARM FIRE AND                                          DEFENDANT
CASUALTY COMPANY

SERVE:   **VIA CERTIFIED MAIL**
Corporation Service Company, Registered Agent
421 West Main Street
Frankfort, KY 40601

AND

AMERICAN BANK & TRUST CO., INC.                    DEFENDANT

SERVE:   **VIA CERTIFIED MAIL**
ELPO Corporate Services, LLC
1101 College street
Bowling Green, KY 42101

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Pursuant to CR 33 and CR 34, the Plaintiff, Tammie Austin, hereby propound the following discovery requests upon the Defendant, State Farm Fire and Casualty Company ("State Farm"), to be responded to in writing, under oath, and as otherwise required by the Kentucky Rules of Civil Procedure, and pursuant to the definitions and instructions set out below.

In answering the Interrogatories, all information is to be divulged that is within the knowledge, possession, or control of you, your attorney, or your agents, or that may

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000001 of 000014

be reasonably ascertained by you or them. You are requested to supplement your initial answers to these Interrogatories after service of your answers if you later ascertain or acquire any information that falls within the scope of these Interrogatories or if events within the scope of these Interrogatories occur after service of your answers.

You are requested to produce any requested documents at the office of Golden Law Office, PLLC, Corporate Plaza, 771 Corporate Drive, Suite 800, Lexington, Kentucky 40503, within the time provided in the Kentucky Rules of Civil Procedure. At your option, however, you may, prior to this date, provide the Plaintiffs with copies of all documents in your possession, custody, or control responsive to these requests by hand-delivering or mailing copies of those documents to counsel for Plaintiffs at the address listed above. If you choose to respond under this option, you are instructed to retain the originals of the documents so that the Plaintiffs or their counsel may inspect them if they desire. If you desire to produce the documents at a different location, date, or time, or to produce the documents in a different manner, please contact counsel for Plaintiffs to make other reasonable arrangements for production.

**DEFINITIONS AND INSTRUCTIONS**

A.     Each document request seeks all information available to the Defendant, State Farm, its attorneys or agents, and any other persons acting on her behalf.

B.     As used herein, the terms "Defendant" "you", or "your" mean, without limitation, the Defendant State Farm, its attorneys, agents, and representatives.

C.     An interrogatory asking you to state or describe "in detail" seeks disclosure of each fact, circumstance, condition, or anything known to you about the subject of the interrogatory containing the phrase, as of the date the Interrogatories were answered.

2

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000002 of 000014

Filed          23-CI-00306     09/19/2023                    Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL DOCUMENT
10/19/2023 01:53:44 PM
90981

D.      If an interrogatory asks you to state "in detail" the basis for a contention, you should state all facts, law, and applications of law to fact upon which you relied or rely in making or maintaining the contention.

E.      "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in CR 34.01.  A draft or non-identical copy is a separate document within the meaning of this term.

F.      The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration, or additional writing or other change from the original, or from any other copy, has been made.

G.      "Person" or "persons" means all entities, including, without limiting the generality of the foregoing, all natural persons, corporations, firms, companies, partnerships, joint ventures, associations, trusts, estates, departments, boards, bureaus, governmental or public agencies, and any other public, private, or legal entity.

H.      Where appropriate in these requests, the singular form of a word shall be interpreted as plural, and the plural form as singular.

I.      Where appropriate in these interrogatories, "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring under the scope of these requests any information that might otherwise be construed to be outside of their scope.

J.      When an interrogatory requires you to describe or identify a person or other entity, it is intended that the answer shall give the name, address, and telephone number of the person or entity, and the name of the individual's workplace, workplace address, and workplace phone number.

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000003 of 000014

3

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM

90981

K.      If there is objection to the production of any document or part thereof under the claim of privilege or work product, then please identify the document, state the privilege involved, and state the factual and legal basis for the claimed privilege.  Identify the document by stating the type of document, the date of the document, its sender(s), or preparer(s), its addressee(s), the person(s) to whom the document was shown or to whom copies were furnished, the subject matter of the document, and the person in whose custody the document is presently located.  If the basis of your objection is confidentiality, please inform us as soon as possible so that the parties may execute a confidentiality agreement.

L.      If any document requested was, but is no longer, in your possession, custody, or control, please state whether the document is missing or lost, has been destroyed, has been transferred to another person, or otherwise has been disposed of.  For each such document, please explain the circumstances surrounding disposition and describe the subject matter of the document.

M.      Please produce documents by category, as specified in CR 34.02.  Consider each request a category.

N.      These requests are continuing ones, and Defendant shall produce for inspection and copying any documents requested that are non-existent or unavailable at the date of production, but which come into existence or become available at any time prior to or during the trial of this action.

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000004 of 000014

4

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM
90981

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Please identify each and every individual participating in the answering of these interrogatories, including their full name, date of birth, employment address and telephone number, residential address and telephone number, driver's license number, and Social Security number.

**ANSWER:**

**INTERROGATORY NO. 2:**     Please identify each and every individual who participated in any way in the adjustment, handling, loss reserve adjustment, valuation, research and/or any other aspect of claims arising from fire damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, including their full name, date of birth, employment address and telephone number, the identity of the actual insurance company that employs each individual, whether the individual had an active Kentucky adjusters license at the time they participated in claims activities.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify each and every individual and/or entity that developed the method of calculation of the value for insurance purposes of the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky.

**ANSWER:**

**INTERROGATORY NO. 4:** Please describe in detail any training materials, manuals, seminars, classes or other forms of information sharing developed by, and/or used by

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000005 of 000014

5

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM
90981

Defendant State Farm in training any State Farm employee and/or contractor that in any way relates to the adjustment, evaluation, payment, settlement and/or resolution of any fire claims that would apply to the Plaintiff's claim for damage to real property and personal property arising out of the fire that occurred on or about June 27, 2022 at the Residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky

**ANSWER:**

**INTERROGATORY NO. 5:**     Please identify each and every business entity and/or individual that provided any service of any kind to Defendant State Farm in relation to the adjustment, handling, valuation, research and/or any other aspect of claims arising from damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022, which give rise to this cause of action, including their full name, date of birth, business address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 6:**     Please identify each and every piece of software that was utilized in the handling, adjustment, valuation, investigation, and/or any other aspect of processing the claims arising from damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, including the full name of the software, the version number of the software,  the identity of the vendor or manufacturer of the software, the business address of the vendor or manufacturer of the software, that amount paid for the services and/or software provided (including any initial fee and all subsequent licensing fees), the date of implementation of the software.

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000006 of 000014

6

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM

90981

**ANSWER:**

**INTERROGATORY NO. 7:**     Please identify each and every piece of information that Defendant State Farm obtained from an external source with respect to the any aspect of the claims arising from damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action.

**ANSWER:**

**INTERROGATORY NO. 8:**     For every claim that State Farm has opened for the Plaintiff with respect to claims arising from damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, please affirmatively identify the coverage the claim was processed under, affirmatively state whether coverage was affirmed or denied, and state specifically the date and time when the affirmation or denial of coverage was made, if your response to this request references any document produced herein, state with specificity by page and line number(s) where the affirmation or denial is reflected therein.

**ANSWER:**

**INTERROGATORY NO. 9:**     Was any aspect of this claim referred to a special investigations team or other anti-fraud investigators of any kind? If so, identify with specificity the date and time of the referral, identify each and every individual involved in the investigation, including their specific employer, full name, business address and telephone number, as well as the conclusions of any such investigation.

7

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000007 of 000014

Filed    23-CI-00306    09/19/2023    Todd B. Calvert, Allen Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

10/19/2023 01:53:44

90981

**ANSWER:**

**INTERROGATORY NO. 10:**    Please identify each and every individual who has knowledge of discoverable information arising claims arising from damage to the residence located a at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, including their home address and telephone number, work address and telephone number, and a brief synopsis of the information known by each.

**ANSWER:**

**INTERROGATORY NO. 11:**    Please identify each and every individual you intend upon calling as a witness at the trial of this matter, giving a brief synopsis of the testimony you expect to elicit from each and a detailed description of the information known by each.

**ANSWER:**

**INTERROGATORY NO. 12:**    With respect to any and all persons whom you have consulted with or may call as experts to give opinion testimony, medical or otherwise, at the trial of this matter, state the following:

    (a)    Their names and business addresses;

    (b)    The field or fields in which said witnesses are to be offered as experts;

    (c)    The substance of the facts to which said witnesses are expected to testify;

    (d)    The substance of the opinions to which said witnesses are expected to testify and a summary of the grounds for each opinion;

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000008 of 000014

8

Filed          23-CI-00306   09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM
90981

(e)   The type, nature, and amount of any compensation being provided to said witnesses;

(f)   The *Curriculum Vitae* of said witnesses; and

(g)   A list of cases in which said witnesses have testified during the previous four years.

**ANSWER:**

**INTERROGATORY NO. 13:**   Please describe in detail each and every step Defendant State Farm took to evaluate coverage defenses with respect to the Plaintiff's claims for Real and Personal property damage under the policy issued by Defendant State Farm arising from the fire that occurred at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022, from that date until the present.

**ANSWER:**

**INTERROGATORY NO. 14:**   Please describe in detail any damage claimed by Plaintiffs that Defendant State Farm has disputed at any time, including the complete factual basis for the dispute.

**ANSWER:**

**INTERROGATORY NO. 15:**   If you have had any communications with the Plaintiff or anyone else, regarding any facts associated with claims arising from fire damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, the amount of damages claimed by the Plaintiff, or the causes or contributing factors regarding the accident, give the following information:

9

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000009 of 000014

DOCUMENT

PM

NOT ORIGINAL

10/19/2023 01:53:44

90981

(a)     The date of each communication;

(b)     The substance of each communication;

(c)     The nature of the communications (e.g., electronic mail, regular mail, telephone conversation, etc.);

(d)     The name, address, and telephone number of each and every individual present during or a witness to the communications; and

(e)     Affirm or deny whether any recording of the communication whether audio, transcript, digital or otherwise has ever been in the possession of Defendant State Farm for any amount of time.

**ANSWER:**

**INTERROGATORY NO. 16:**  If any information, statement, document, video, audio, photo, tape-recording, or information retained by any other means of tangible data compilation is withheld from your responses to any of these Interrogatories or Requests for Production of Documents, due to a claim of privilege, work-product, a civil rule, or any other reason, please state with specificity the reason for withholding the information and state the nature of the information not provided and not produced, describing the information to the fullest extent possible that will enable this party to assess the applicability of the privilege or protection.

        If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**

**INTERROGATORY NO. 17:**     For every statement, document, video, audio, photo, tape-recording and/or information retained by any other means of tangible data

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000010 of 000014

10

Filed   23-CI-00306   09/19/2023   Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM
90981

compilation that has been requested in these Interrogatories or Requests for Production of Documents sent contemporaneously herewith but:

(a)   has at one time been in the possession of the Defendant or her counsel, but no longer is in their possession; or

(b)   has been sent, transferred, or for whatever reason is now in the possession of someone other than the Defendant and/or her counsel; or

(c)   has been destroyed, lost, misplaced, or is otherwise not now in the possession of Defendant and/or her counsel, state the nature of the information not provided and not produced, describing the information to the fullest extent possible.

For all information that is responsive to this Interrogatory, please identify all individuals involved in creating, receiving, and witnessing the communication, giving all dates, and describing in detail the subject matter of the information or communication.

If you refuse to respond fully to this Interrogatory, please specifically state that you are refusing to respond and give a full explanation.

**ANSWER:**

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**   If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from any witness or individual regarding claims arising from fire damage to the residence located 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, please produce the same for inspection and copying.

**RESPONSE:**

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000011 of 000014

Filed   23-CI-00306   09/19/2023   Todd B. Calvert, Allen Circuit Clerk

Filed                    23-CI-00306    09/19/2023    Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT

10/19/2023 01:53:44
PM

90981

**REQUEST NO. 2:**    If you, or anyone acting on your behalf, have ever recorded or otherwise memorialized any communication whatsoever with the Plaintiffs that in any way relates claims arising from fire damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, please produce the same for inspection and copying.

**RESPONSE:**

**REQUEST NO. 3:**    If you, or anyone acting on your behalf, have obtained any photographs, social media information, videos, or other information obtained by any other means of tangible data compilation, regarding any claims arising from fire damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022 which give rise to this cause of action, please produce the same for inspection and copying.

**RESPONSE:**

**REQUEST NO. 4:**    For each expert, medical or otherwise, that you have identified, please produce for inspection and copying a copy of the witnesses' curriculum vitae or statement of qualifications.

**RESPONSE:**

**REQUEST NO. 5:**    If you have received from any of said expert witnesses a written report, including any draft reports that were separately provided, please produce same for purposes of inspection and copying.

**RESPONSE:**

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000012 of 000014

Filed                    23-CI-00306    09/19/2023    Todd B. Calvert, Allen Circuit Clerk

Filed          23-CI-00306     09/19/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:53:44
PM
90981

**REQUEST NO. 7:**    If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from Plaintiff or any agent, representative or employee of Plaintiff, with knowledge of discoverable information, please produce same for inspection and copying.

**RESPONSE:**


**REQUEST NO. 8:**    If you, or anyone acting on your behalf, have obtained any written, typed, recorded, transcribed statements, or information obtained through any other means of tangible data compilation, from any sources that contain any statement of Plaintiff, their agents, representatives, employees, or representatives, please produce same for inspection and copying.

**RESPONSE:**


**REQUEST NO. 9:**    Please produce a copy of each and every exhibit you intend to rely on or introduce at the trial or depositions in this matter.

**RESPONSE:**


**REQUEST NO. 10:**  Please produce a complete copy your entire claims file in relation to any claims arising from damage to the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky on or about June 27, 2022, which give rise to this cause of action.

**RESPONSE:**

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000013 of 000014

13

NOT ORIGINAL DOCUMENT

10/19/2023 01:53:44 PM

90981

**REQUEST NO. 11:** Please produce a complete copy of every insurance policy Defendant State Farm has ever issued covering the residence located at 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky.

**RESPONSE:**

**REQUEST NO. 12:** Please produce a complete copy of the insurance policy applicable to this matter.

**RESPONSE:**

**REQUEST NO. 13**: Please produce a complete copy of all underwriting files related to the residence located 3034 Meador Port Oliver Rd. in Scottsville, Allen County, Kentucky at any time from January 2018 to present.

**RESPONSE:**

Respectfully submitted,

GOLDEN LAW OFFICE, PLLC

**/s/ Taylor M. Shepherd**

_____

Taylor M. Shepherd
Kennedy D. Slusher
771 Corporate Drive, Suite 750
Lexington, Kentucky 40503
Telephone:    859.469.5000
Facsimile:    859.469.5001
Email: taylor@goldenlawoffice.com
Email: kennedy@goldenlawoffice.com
COUNSEL FOR PLAINTIFF

Presiding Judge: HON. MARK A. THURMOND (649413)

IRPD : 000014 of 000014

14

**Commonwealth of Kentucky**
**Todd B. Calvert, Allen Circuit Clerk**

NOT ORIGINAL

10/19/2023 01:53:56 PM

| Case #: **23-CI-00306** | Envelope #: **6607891** |
|---|---|
| Received From: **TAYLOR SHEPHERD** | Account Of: **TAYLOR SHEPHERD** |
| Case Title: **AUSTIN, TAMMIE VS. STATE FARM FIRE AND CASUALTY COMPANY ET A** | Confirmation Number: **169070859** |
| Filed On **9/19/2023   4:08:29PM** | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $70.20 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Civil Filing Fee | $150.00 |
| 7 | Charges For Services(Copy - Photocopy) | $11.20 |
| 8 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $371.40 |

**Filed**                23-CI-00306    10/17/2023    Todd B. Calvert, Allen Circuit Clerk

**NOT ORIGINAL DOCUMENT**
**10/19/2023 01:54:05 PM**
**90981**

COMMONWEALTH OF KENTUCKY

*FILED ELECTRONICALLY*

NO. 23-CI-00306                                    ALLEN CIRCUIT COURT
                                                  JUDGE MARK A. THURMOND

TAMMIE AUSTIN                                                    PLAINTIFF

<u>**ANSWER OF DEFENDANT,**</u>
V.          <u>**STATE FARM FIRE AND CASUALTY COMPANY**</u>

STATE FARM FIRE AND CASUALTY
COMPANY and AMERICAN BANK &
TRUST CO., INC.                                                DEFENDANTS

* * * * *

        Comes Defendant, State Farm Fire and Casualty Company, by counsel, and, for its Response to Plaintiff's Complaint, provides s as follows:

        1.        As to the allegations contained in paragraph 1 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that Ms. Austin is a resident of the state of Kentucky but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies same.

        2.        As to the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that it is an Illinois corporation engaged in insurance with an office located in Illinois.  Defendant likewise admits that its agent for service of process is Corporation Service Company.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiff's Complaint and therefore denies same.

ANS : 000001 of 000008

Filed          23-CI-00306          10/17/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:54:05
PM                                                                                        90981

3.      Defendant, State Farm Fire and Casualty Company, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 5, 6, 17, 18, 28, 53, 54, 55, 58, 61 and 64 of Plaintiff's Complaint and therefore denies same.

4.      As to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendant State Farm Fire and Casualty Company, admits that it issued a policy of insurance regarding residential property located in Allen County, Kentucky, but is otherwise without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of Plaintiff's Complaint and therefore denies same.

5.      As to the allegations contained in paragraphs 7, 30, 37, 42, 47, 52, 67 and 69 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, hereby incorporates by reference each of its previous responses to the allegations contained within Plaintiff's Complaint as if set out herein and in full.

6.      As to the allegations contained in paragraph 8 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that decedent, James E. Moore, Jr., received a deed of conveyance regarding residential property located in Allen County, Kentucky. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint and therefore denies same.

7.      As to the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that it issued a policy of insurance to Mr. Moore concerning property located in Allen County, Kentucky, in which the policy will speak for itself as to the coverages, exclusions, and terms provided therein.  Defendant is otherwise

ANS : 000002 of 000008

Filed          23-CI-00306          10/17/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:54:05
PM                                                                                              90981

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint and therefore denies same.

8.      As to the allegations contained in paragraph 10 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that on or about June 27, 2022, the property located in Allen County was substantially damaged and/or destroyed by fire.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint and therefore denies same.

9.      As to the allegations contained in paragraph 11 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that the policy was in force at the time of the fire in which the policy will speak for itself as to the terms and exclusions contained therein. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained paragraph 11 of Plaintiff's Complaint and therefore denies same.

10.      As to the allegations contained in paragraph 12 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company**,** admits that Mr. Moore intentionally set fire to the property prior to taking his own life.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and therefore denies same.

11.      Defendant, State Farm Fire and Casualty Company, denies the allegations contained in paragraphs 13, 16, 22, 23, 24, 25, 26, 27, 29, 31, 32, 33, 34, 35, 36, 39, 39(a)-(e), 40, 41, 43, 44, 45, 45(a)-(a), 46, 49, 49(a), 50, 51, 57, 59, 60, 62, 63, 65, 66, 68, 70 and 70(a)-(d).

ANS : 000003 of 000008

Filed          23-CI-00306          10/17/2023          Todd B. Calvert, Allen Circuit Clerk

Filed            23-CI-00306     10/17/2023                    Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:54:05
PM                                                                           90981

12.    As to the allegations contained in paragraph 14 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that Plaintiff and Mr. Moore were separated and in the process of a divorce.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies same.

13.    As to the allegations contained in paragraph 15 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that it has no evidence that Plaintiff was involved in setting the fire to the property.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies same.

14.    As to the allegations contained in paragraphs 19 and 20 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company admits that AB&T previously held a mortgage interest in the property and previously held an insurable interest in the residential property.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 19 and 20 of Plaintiff's Complaint and therefore denies same.

15.    As to the allegations contained in paragraph 21 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that it denied Plaintiff's claim in which the letters of denial will speak for themselves as to the date of the correspondence and basis for denial.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of Plaintiff's Complaint and therefore denies same.

ANS : 000004 of 000008

Filed        23-CI-00306    10/17/2023    Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:54:05
PM                                                                    90981

16.     As to the allegations contained in paragraph 38 and 38(a)-(e) of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits that it acted in good faith and in fair dealing in addressing the claims asserted in this matter.     Defendant denies any misrepresentations but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 and 38(a)-of Plaintiff's Complaint and therefore denies same.

17.     As to the allegations contained in paragraph 48 of Plaintiff's Complaint, Defendant, State Farm Fire and Casualty Company, admits acting in good faith and that a policy of insurance was issued regarding the property located in Allen County, Kentucky in which the policy will speak for itself as to the terms, exclusions and coverages.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of Plaintiff's Complaint and therefore denies same.

18.     Defendant State Farm Fire and Casualty Company, admits the allegations contained in paragraph 56 of Plaintiff's Complaint.

19.     Any allegations not heretofore addressed is specifically denied by Defendant, State Farm Fire and Casualty Company.

20.     Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's claim is barred by the terms of the homeowners policy at issue.

21.     Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's claims are barred by the acts of Mr. Moore.

22.     Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff has no insurable interest in the property located in Allen County, Kentucky.

ANS : 000005 of 000008

Filed        23-CI-00306    10/17/2023        Todd B. Calvert, Allen Circuit Clerk

Filed          23-CI-00306          10/17/2023                    Todd B. Calvert, Allen Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

10/19/2023 01:54:05

90981

23.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff lacks standing to assert the current claim.

24.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that it has complied with all statutory, regulatory and common law obligations in the handling of Plaintiff's claim.

25.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges Plaintiff's claims are barred by the limitations provision as contained within the policy of insurance.

26.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's claims are barred based upon the intentional destruction of the property at issue.

27.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's claims for exemplary or punitive damages are barred by KRS 411.184 and are in violation of the due process of law clause of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution and are a violation of the prohibition of *ex post facto* laws contained within §10, ¶1 of Article I of the United States Constitution.

28.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's claims for exemplary damages are barred in whole or in part by the United States Supreme Court ruling of *Campbell v. State Farm Mutual Automobile Insurance Company* and *Exxon Shipping Co. v. Grant Baker*.

29.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

ANS : 000006 of 000008

Filed          23-CI-00306    10/17/2023              Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:54:05
PM
90981

30.    Defendant, State Farm Fire and Casualty Company, affirmatively states and alleges that Plaintiff's bad faith claim and claims for extra contractual damages are premature and not ripe because Plaintiff has not established that State Farm had a contractual obligation under its policy of homeowners insurance to cover and pay the claimed damage.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, demands judgment, that Plaintiff's Complaint be dismissed with prejudice, for its costs herein expended, for trial by jury and for all other just and proper relief to which it may appear entitled.

BOEHL STOPHER & GRAVES, LLP

*/s/ Richard W. Edwards*
Richard W. Edwards (KBA No. 82607)
Charles H. Stopher (KBA No. 90981)
Kristin L. Mischel (KBA No. 88973)
400 West Market Street, Suite 2300
Louisville, KY 40202
Phone: (502) 589-5980
Fax: (502) 561-9400
redwards@bsg-law.com
jdowns@bsg-law.com
COUNSEL FOR DEFENDANT, STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

ANS : 000007 of 000008

Filed          23-CI-00306   10/17/2023          Todd B. Calvert, Allen Circuit Clerk

NOT ORIGINAL
DOCUMENT
10/19/2023 01:54:05
PM
90981

### CERTIFICATE OF SERVICE

It is hereby certified that on the 17th day of October, 2023, the foregoing was electronically

filed using the Kentucky Court of Justice eFiling system which will send notice of electronic filing

to the following:

> Taylor M. Shepherd
> Kennedy D. Slusher
> GOLDEN LAW OFFICE
> 771 Corporate Drive, Suite # 750
> Lexington, Kentucky  40503
> Phone: (859) 469-5000
> Fax: (859) 469-5001
> taylor@goldenlawoffice.com
> kennedy@goldenlawoffice.com
> COUNSEL FOR PLAINTIFF,
> TAMMIE AUSTIN
>
> AMERICAN BANK & TRUST CO., INC.
> c/o ELPO Corporate Services, LLC
> 1101 College Street
> Bowling Green, KY  42101
> (via USPS Regular first class Mail)

                                        /s/ Richard W. Edwards
                                        COUNSEL FOR DEFENDANT

ANS : 000008 of 000008