**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:23-CV-00140-GNS-HBB**

**TAMMIE AUSTIN**                                                                                              **PLAINTIFF**

**VS.**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**                                                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant State Farm Fire and Casualty Company to bifurcate trial and stay discovery on the bad faith portion of the claim until the underlying claims for breach of contact are resolved (DN 26). Plaintiff Tammie Austin has filed a response in opposition (DN 27) and State Farm has replied (DN 28).

### Nature of the Case

State Farm insured a residence located in Scottsville, Kentucky. The policy was issued to James E. Moore, Jr. The parties agree that Moore set fire to the dwelling and afterward committed suicide. Moore and Austin were married at the time but estranged and in the process of seeking a divorce. Austin claims an insurable interest in the residence and personal property destroyed in the fire. Austin brings this action against State Farm for breach of contract and both common law and statutory bad faith.

### The Parties' Positions

State Farm asks that the contractual and bad faith components of the case be severed for purposes of trial and that discovery on the bad faith claims be stayed until the underlying contract

action is resolved. It contends resolution of the contract claim first may dispose of the entire case and avoids the necessity of exposing State Farm's investigatory files before their relevance has been established.

Austin argues that "there is no contesting that Plaintiff has coverage for the property damage claim, the only issue is whether the delay in the denial of coverage due to statute of limitations issue could constitute bad faith" (DN 27, p. 3).

State Farm disputes Austin's narrow characterization of the issue to be resolved. State Farm asserts that the primary issue for determination on the breach of contract claim is whether Austin qualified as an "insured" under the policy, which is a coverage issue. State Farm notes that Moore was the only owner listed on the deed for the property. Moore was also the only named insured on the policy. As Austin and Moore were estranged and, allegedly, she was not living at the residence, State Farm's position is that the language of the policy excludes Austin from inclusion as an additional insured family member because the dwelling was not her primary residence

## Discussion

Rule 42 provides for bifurcation of a trial as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. . . .

Fed. R. Civ. P. 42(b).

While a federal court sitting in diversity applies state substantive law, it nonetheless applies federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Specifically, Fed. R. Civ. P. 42(b) governs the issue of bifurcation in such cases. Nationwide Mut. Fire Ins. Co. v. Jahic, No. 3:11-CV-00155, 2013 U.S. Dist. LEXIS 1798, at *4 (W.D. Ky. Jan. 7, 2013). The decision

whether to bifurcate is within the discretion of the district court and is dependent on the facts and circumstances of each case. Saxion v. Titan-C-Mfg., Inc., 86 F.3d 553, 556 (6th Cir. 1996). Trial courts have broad discretion to stay discovery until preliminary questions that may dispose of cases are determined. Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003). As the court noted in C.A. Jones Mgt. Grp., LLC v. Scottsdale Indem. Co.,:

> District courts regularly confront motions for the bifurcation of claims for coverage under an insurance agreement and claims of bad-faith on the part of the insurer. *See, e.g.*, Brantley v. Safeco Ins. Co. of Am., 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011); Hoskins v. Allstate Prop. & Cas. Co., 2006 U.S. Dist. LEXIS 80327, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006). If a bad-faith claimant cannot prevail on the coverage issue, her claim of bad-faith necessarily fails; accordingly, such cases lend themselves to bifurcation under Rule 42(b). *See* Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *2; Honican v. Stonebridge Life Ins. Co., 2005 U.S. Dist. LEXIS 48247, 2005 WL 2614904, at *2 (E.D. KY. Oct. 13, 2005): *accord* Davidson v. Am. Freightways, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Such a finding is important because "whether the resolution of a single issue would be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." In re Beverly Hills Fire Litig., 695 F.2d 207, 216 (6th Cir. 1982).
>
> Federal district courts in Kentucky frequently sever the trials for contract and bad-faith claims in lawsuits analogous to the instant action. *E.g.*, Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554; Bruckner v. Sentinel Ins. Co., LTD, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911 (E.D. Ky. Feb. 10, 2011). That courts occasionally have decided against bifurcating first-party cases between the insurer and insured is unremarkable, given that bifurcation decisions are made on a case-by-case basis. However, it is noteworthy that courts have consistently bifurcated cases where resolution of a single claim would be dispositive of the entire case. *See e.g.*, Smith, 403 F.3d at 407; Beverly Hills, 695 F.2d at 216; Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 601 2554, at *2; Bruckner, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911, at *2."

No. 5:13-CV-00173, 2015 U.S. Dist. LEXIS 33430, at *4-5 (W.D. Ky. March 18, 2015).

"Kentucky law does not provide a bad-faith cause of action unless the plaintiff can prove that the insurance company had a contractual obligation to pay the claim." Holloway v. Ohio Security Ins. Co., No. 3:14-CV-00856-CRS, 2015 U.S. Dist. LEXIS 150746, at *3 (W.D. Ky. Nov. 6, 2015). As Austin's bad faith claims against State Farm require that she first prevail on her underlying coverage issue, equity favors bifurcation of trial. "Bifurcation of the trials will avoid the expense of litigating issues that may never arise. Bifurcation also will permit the jury to focus on a single issue at a time, thereby avoiding the introduction of confusing evidence until absolutely necessary." Underwood v. Ryan, No. 3:15-CV-700-JHM, 2016 U.S. Dist. LEXIS 69574, at *5 (W.D. Ky. May 26, 2016) (*quoting* White v. ABG Caulking Contrs, Inc., 2014 U.S. Dist. LEXIS 32413, at *3 (W.D. Ky. Mar. 13, 2014)).

The same interest applies to staying discovery:

> As numerous courts have found in this context, staying discovery of the bad-faith claim pending resolution of the underlying contractual dispute would both prevent prejudice and further judicial economy. *See, e.g.*, Brantley, 2011 U.S. Dist. LEXIS 138111, 2011 WL 6012554, at *2; Bruckner, 2011 U.S. Dist. LEXIS 13365, 2011 WL 589911, at *2; Secura Ins. Co. v. Gorsick, 2008 U.S. Dist. LEXIS 3018, 2008 WL 152101, at *2 (W.D. Ky. Jan. 15, 2008); Pollard v. Wood, 2006 U.S. Dist. LEXIS 13459, 2006 WL 782739, at *2-3 (E.D. Ky. Mar. 27, 2006). Accordingly, the Court finds that staying discovery of the bad-faith claims pending resolution of the coverage issue would also prevent prejudice, eliminate potentially unnecessary litigation expenses, and further the interests of judicial economy.

C.A. Jones Mgt. Grp., LLC, 2015 U.S. Dist. LEXIS 33430 at *5-6. This viewpoint is in line with recent decisions in both the Western and Eastern Districts of Kentucky. *See, e.g.,* Guido v. Travelers Co. Inc., No. 2:23-083-DCR, 2023 U.S. Dist. LEXIS 154197, *2-5 (E.D. Ky. Aug. 31, 2023); Holmes v. State Farm Fire & Cas. Co., No. 5:22-CV-00161-BJB-LLK, 2023 U.S. Dist.

LEXIS 77777, *2-3 (W.D. Ky. April 14, 2023); Smith v. Kuroki, No. 2:22-CV-00037-WOB-EBA, 2023 U.S. Dist. LEXIS 1740, at *3-7 (E.D. Ky. Jan. 5, 2023).

**WHEREFORE**, the motion of Defendant State Farm Fire and Casualty Company, DN 26, is **GRANTED**.  Trial on Plaintiff's breach of contract claim is bifurcated from her claims for bad faith, and discovery on the bad faith issue is stayed pending resolution of the contract claim.

March 1, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:     Counsel of Record