UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00140-GNS-HBB

TAMMIE AUSTIN                                                                                       PLAINTIFF

v.

STATE FARM FIRE AND
CASUALTY COMPANY                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (DN 12) and Plaintiff's Motion for Leave to File a Sur-Reply (DN 20). The motions are ripe for adjudication. For the reasons that follow, the motions are **DENIED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Plaintiff Tammie Austin ("Austin") maintained a home insurance policy with Defendant State Farm Fire and Casualty Co. ("State Farm"). (Compl. ¶¶ 8-9, DN 1-1). The insurance policy had a provision stating: "**Suit Against Us**. No action will be brought against *us* unless there has been full compliance with all of the policy provisions. Any action by any party must be started within one year after the date of loss or damage." (Def.'s Mot. J. Pleadings Ex. 1, at 22, DN 12-2). On June 27, 2022, Austin's home was damaged by a fire while the policy was in effect. (Compl. ¶¶ 10-11). State Farm determined that Austin's spouse had started the fire shortly before taking his life. (Compl. ¶ 12). On July 12, 2023, State Farm denied payment, claiming that the intentional acts exclusion in the policy barred coverage. (Compl. ¶ 21).

Austin filed suit in Allen Circuit Court (Kentucky) asserting claims for breach of contract, breach of the duty of good faith and fair dealing (bad faith), a violation of the Kentucky Unfair Claims Settlement Practices Act, a violation of the Kentucky Consumer Protection Act, and for a declaratory judgment. (Compl. ¶¶ 30-66). State Farm removed the action to this Court. (*See* Notice Removal, DN 1). Austin's breach of contract and bad faith claims were bifurcated, and the bad faith claims are presently stayed pending resolution of the breach of contract claims. (*See* Mem. Op. & Order 5, DN 29).

## II.     JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. See 28 U.S.C. § 1332.

## III.     STANDARD OF REVIEW

Fed. R. Civ. P. 12(c) allows motions for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citation omitted). Courts need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted). A Fed. R. Civ. P. 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."

2

*Winget*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## IV.   DISCUSSION[1]

State Farm argues that Austin's claims are time-barred because she filed suit more than one year after the underlying loss, which was beyond the insurance contract's limitation period. (Def.'s Mem. Supp. Mot. J. Pleadings 1-3, DN 12-1 [hereinafter Def.'s Mem.]). Austin offers four arguments in response: (1) the limitation provision in the contract violates KRS 304.14-370; (2) the limitation provision in the contract is unreasonable; (3) the doctrines of unclean hands, equitable estoppel, and/or equitable tolling extend the limitations period; and (4) the Court should depart from Sixth Circuit precedent. (*See* Pl.'s Resp. Def.'s Mot. J. Pleadings 3-10, DN 17 [hereinafter Pl.'s Resp.]).

### A.   KRS 304.14-370

KRS 304.14-370 provides:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

---

[1] Austin seeks leave to file a sur-reply in further opposition to State Farm's motion to distinguish the instant case from a case cited by State Farm and to "respond to [State Farm]'s newly presented arguments . . . set forth in [State Farm]'s [reply] . . . ." (Pl.'s Mot. Leave File Sur-Reply 1, DN 20). "Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Carter v. Paschall Truck Lines*, 364 F. Supp. 3d 732, 748 (W.D. Ky. 2019) (quoting *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014)). In general, "sur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Id.* (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)). Reviewing State Farm's reply, it is properly limited to issues raised in Austin's response. (*See* Def.'s Reply Mot. J. Pleadings, DN 18). This is not the sort of circumstance that warrants submission of a sur-reply. Accordingly, the motion is denied.

KRS 304.14-370.

The Sixth Circuit explained the effect of this statute on contractual limitation provisions based on the date of loss in *Smith v. Allstate Insurance Co.*, 403 F.3d 401 (6th Cir. 2005). *Id.* at 404-06. In *Smith*, the Sixth Circuit stated that under Kentucky law, "a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue." *Id.* at 405; *see also Price v. AgriLogic Ins. Servs., LLC*, 37 F. Supp. 3d 885, 894 (E.D. Ky. 2014) ("[T]he Sixth Circuit [has] held that a limitation provision requiring a party to sue within one year of the loss complied with KRS § 304.14-370 . . . .").[2]

Accordingly, this argument fails. *Smith* left open the possibility, however, that such a provision could be unenforceable where it does not allow a plaintiff reasonable time to sue, as discussed below. *Id.* at 405 (citing *Ashland Fin. Co. v. Hartford Accident & Indem. Co.*, 474 S.W.2d 364, 366 (Ky. 1971); *Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17, 19 (Ky. App. 1978)).

B.  **Reasonableness of the Limitation Provision**

Contrary to State Farm's characterization that it denied coverage after the contractual limitations period elapsed does not, *ipso facto*, bar Austin from pursuing a breach of contract action. Instead, the provision is unenforceable if it did not allow Austin "an adequate time for filing suit." *Id.* at 406.

---

[2] As a sister court has noted, "Kentucky courts have been hesitant to confront the issue of accrual under KRS § 304.14-370 and have instead opted to focus on whether it conflicts with other statutes of limitations under Kentucky law." *Howard v. Allstate Ins. Co.*, No. 5:14-173-DCR, 2014 WL 5780967, at *4 (E.D. Ky. Nov. 5, 2014) (citing *Elkins v. Ky. Farm Bureau Mut. Ins. Co.*, 844 S.W.2d 423, 425 (Ky. App. 1992); *Webb v. Ky. Farm Bureau Ins. Co.*, 577 S.W.2d 17 (Ky. App. 1978)).

In *Smith*, the Sixth Circuit calculated the plaintiffs' "effective limitations period" by determining the time between when the plaintiffs reasonably should have been able to comply with their obligations under the policy (i.e., submitting a proof of loss, etc.) and when the contractual limitations period elapsed. *Id.* at 405-06. Under that policy, the plaintiffs could not initiate suit until there had been full compliance with the policy terms. *Id.* The Sixth Circuit determined that the plaintiffs could have reasonably complied with all policy terms six months after the underlying loss and would have been left with a six-month "effective limitations period."[3] *Id.* at 406.

Austin's policy contained the same limitations as those in *Smith*: (1) that no action be brought against State Farm unless there had been full compliance with all policy provisions, and (2) that any action be brought within one year after the date of loss. (Def.'s Mot. Ex. 1, at 22); *see Smith*, 403 F.3d at 403. The pleadings do not contain information about the timeliness with which Austin complied with the policy provisions, therefore, at this stage the Court cannot calculate her "effective limitations period." Further development of the facts may reveal that Austin properly complied with the policy terms but was left with an inadequate amount of time to sue, in which case the limitations period would be unenforceable under *Smith*. *See Smith*, 403 F.3d at 405. When Austin may have reasonably been able to fulfill the condition under the policy and whether she could have enjoyed an adequate "effective limitations period" are fact-intensive issues better reserved for trial or later dispositive motion. *See, e.g.*, *id.* at 402 (reviewing the district court's entry of summary judgment); *Howard v. Auto-Owners Ins. Co.*, 480 F. Supp. 3d 764, 770 (W.D.

---

[3] Notably, in calculating the "effective limitation period," *Smith* focused on when the plaintiffs could have satisfied any contractual limitations on filing suit as opposed to when the defendant could have reasonably issued a denial following the plaintiffs' satisfaction of those contractual limitations. *See Smith*, 403 F.3d at 405-06 ("The focus, as we see it, must be on the period beginning when the Smiths could reasonably have been expected to complete their compliance with all policy terms and ending on the anniversary of the fire.").

Ky. 2020) (granting summary judgment based on *Smith*); *Creative Packaging Co. v. Secura Ins.*, Nos. 22-5426/5501, 2022 WL 17176789, at *2 (6th Cir. Nov. 23, 2022) (affirming summary judgment based on *Smith*); *Willowbrook Invs., LLC v. Md. Cas. Co.*, 325 F. Supp. 3d. 813, 819 (W.D. Ky. 2018) (denying a motion for judgment on the pleadings based on *Smith* and noting that the reasonableness analysis is "heavily dependent upon the facts of th[e] particular case.").

At this point, on a motion for judgment on the pleadings, State Farm fails to establish that it is "clearly entitled to judgment." *Winget*, 510 F.3d at 581 (citation omitted). Accordingly, the motion is denied.

**C.     Equitable Relief**

Having decided that the contractual limitations period does not bar Austin's claim at this stage, the Court need not determine whether unclean hands, equitable tolling, or equitable estoppel are supported by the pleadings.

**D.     Departing from Circuit Precedent**

Austin asks that the Court defy *Smith*'s interpretation of Kentucky law and decide that KRS 304.14-370 renders State Farm's one year limitations provision unenforceable. (Pl.'s Resp. 8-10). As this Court has recognized, "[o]ther courts have questioned the holding in Smith, particularly its implicit holding that the cause of action for breach of contract accrued on the date of the loss." *Howard*, 480 F. Supp. 3d at 769 (citing *Tennant v. Allstate Ins. Co.*, No. 04-54, 2006 WL 319046, at *6 (E.D. Ky. Feb. 10, 2006); *Price*, 37 F. Supp. 3d at 894). Regardless, "*Smith* remains good law in the Sixth Circuit, and this Court is bound by it." *Id.* Accordingly, whether Austin's claims are time-barred remains an issue in this case and, absent a change in controlling law, the Court will not entertain further requests to depart from Circuit precedent.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to File a Sur-Reply (DN 20) and Defendant's Motion to Dismiss (DN 12) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 24, 2024

cc: counsel of record

7