UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00140-GNS-HBB

TAMMIE AUSTIN                                                                                          PLAINTIFF

v.

STATE FARM FIRE AND
CASUALTY COMPANY                                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Declaratory Judgment (DN 38), Defendant's Motion Summary Judgment (DN 40), and Plaintiff's Motion to Certify Question of Law to the Kentucky Supreme Court (DN 44).

### I.     STATEMENT OF FACTS AND CLAIMS

Plaintiff Tammie Austin ("Austin") brought this suit against State Farm Fire and Casualty Insurance ("State Farm") to recover insurance benefits through a policy taken out by her deceased husband, James Moore ("Moore"). (Compl. ¶¶ 9-12, DN 1-1). Austin and Moore were married in 2015 and purchased a house in Allen County, Kentucky (the "Property") in 2018. (Notice Removal Ex. 2, at 1, DN 1-2). Although Austin and Moore purchased the Property as a married couple, only Moore's name was listed on the deed. (Austin Dep. 27:15-28:15, Sept. 18, 2024, DN 38-1). Moore purchased a homeowner's policy through State Farm ("Policy"), which "include[ed] coverage for the house and personal property." (Def.'s Mem. Supp. Summ. J. 2, DN 40-1; Def.'s Mot. Summ. J. Ex. 4, DN 40-4 [hereinafter Policy]). Moore was the only named insured on the Policy; however, the Policy did include a provision providing that spouses of named insureds would be considered insureds under the Policy "so long as [the spouse] resides primarily with that Named Insured." (Policy 1-3, 15-18).

1

Moore had been previously convicted and imprisoned for the manufacturing of methamphetamines. (Austin Dep. 15:9-11). Shortly after moving into the Property, Austin began noticing physical and psychological changes with Moore that she suspected were due to methamphetamine use. (Austin Dep. 23:8-21). Moore was also physically abusive towards Austin. (Austin Dep. 60:10-24). Due to Moore's drug use and physical abuse, Austin left the Property in November 2020 and began living with her daughter. (Def.'s Mot. Summ. J. Ex. E, ¶ 6, DN 40-6; Austin Dep. 54:25-55:2). In addition to her fear of Moore's abuse, Austin testified that she was effectively "thrown out" by Moore so that his girlfriend could move in. (Austin Dep. 52:21-53:8). Austin subsequently filed for divorce, which was never finalized. (Austin Dep. 7:16-20). On June 27, 2022, Moore set fire to the Property and committed suicide. (Compl. ¶¶ 10-12). Austin filed a claim with State Farm to recover for damage to the home as well as for her personal property that remained in the house. (Austin Dep. 62:10-20; Pl.'s Mot. Declaratory J. Ex. 3, at 1 DN 38-3 [hereinafter Decision Letter]). On July 12, 2023, State Farm issued a letter to Austin denying her claim on the grounds that she was not an insured under the Policy. (Decision Letter 1).

Austin filed suit in Allen Circuit Court asserting claims for breach of contract, breach of the duty of good faith and fair dealing, a violation of the Kentucky Unfair Claims Settlement Practices Act, a violation of the Kentucky Consumer Protection Act, and declaratory judgment. (Compl. ¶¶ 30-66). State Farm removed the action. (*See* Notice Removal, DN 1). Austin's breach of contract and bad faith claims were bifurcated, and the bad faith claims are presently stayed pending resolution of the breach of contract claims. (*See* Mem. Op. & Order 5, DN 29). State Farm has moved for summary judgment, and Austin moved to certify a question of law to the Kentucky Supreme Court, both of which have been fully briefed and are ripe for decision.

## II. JURISDICTION

The Court has subject-matter jurisdiction over this action through diversity jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party moving for summary judgment may satisfy its burden [of] show[ing] that there are no genuine issues of material fact simply 'by pointing out to the court that the [non-moving party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.'" *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005) (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Similarly, the movant may meet its burden by offering evidence negating an essential element of the non-moving party's claim. *See Dixon v. United States*, 178 F.3d 1294, 1999 WL 196498, at *3 (6th Cir. 1999).

After the movant either shows "that there is an absence of evidence to support the nonmoving party's case," or affirmatively negates an essential element of the non-moving party's claims, the non-moving party must identify admissible evidence that creates a dispute of fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). While the Court must view the evidence in a light most favorable to the non-moving party, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). "The mere existence of a scintilla of

3

evidence in support of the [moving party's] position [is] [ ] insufficient; there must be evidence on which the jury could reasonably find for the [moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

### A. Motion for Summary Judgment

State Farm has moved for summary judgment on Austin's claims for breach of contract and declaratory judgment, arguing that: (1) because Austin is not an "insured," she is not entitled to any recovery under the Policy; and (2) the limitations period under the Policy has lapsed. (Def.'s Mem. Supp. Summ. J. 1). Because State Farm's motion succeeds on the grounds of this first argument, the Court need not consider the latter argument.

#### 1. *Austin Is Not an Insured under the Policy*

State Farm denied Austin's claim for insurance proceeds for damage from the fire caused by Moore, asserting that Austin "is not a [n]amed [i]nsured under the insurance contract and does not meet the definition of an insured under the terms of the Policy." (Def.'s Mem. Supp. Summ. J. 4). "In a diversity action involving an insurance contract, a federal court applies the substantive law of the forum state." *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir. 2000) (citations omitted). Thus, to determine if Austin constitutes an insured under the Policy, this Court interprets the terms of the Policy according to Kentucky law, which dictates that, absent disputed facts, "the construction of insurance contract provisions comprise[s] questions of law for the court . . . ." *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994) (citing *Perry's Adm'x v. Inter-S. Life Ins. Co.*, 71 S.W.2d 431, 433 (Ky. 1934)). "[I]nsurance policies are strictly construed against the insurer, especially where . . . the insurance company drafted the document in its entirety." *Id.* (citation omitted). If the contract terms are unambiguous, however, the "'written instrument will be enforced strictly according to its terms,' and a court will interpret the

4

contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 106 (Ky. 2003) (citations omitted).

The Policy explicitly delineates who shall be considered an insured. In its Definitions section, the Policy states that:

> 9.  "insured" means:
>     a.  you;
>     b.  your relatives; and
>     c.  any other person under the age of 21 in the care of a person described above.
>
> . . . .
>
> 21. "you" and "your" mean the person or persons shown as "Named Insured" in the Declarations. If a "Named Insured" shown in the Declarations is a human being, then you and your include:
>     a.  a spouse of a "Named Insured";
>     b.  a party to a civil union with a "Named Insured";
>     c.  a domestic partner of a named "Named Insured"; or
>     d.  a person in a substantially similar legal relationship with a "Named Insured";
> if such relationship is recognized and valid in the state where, and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that "Named Insured".

(Policy 15, 17-18). Thus, Austin can only be considered an insured if she is either: (1) a named insured; or (2) a qualifying insured under Section 21 of the Policy's Definitions provisions. (*See* Policy 15, 17-18). It is undisputed that Austin is not a named insured, as only Moore's name was listed as a named insured on the Policy documents. (Policy 2-4). Instead, Austin points to two of the Policy provisions to support her contention that she is an insured. First, Austin posits that because she is the owner of the Property, which was covered by the Policy, that "the plain language of the Policy clearly covers the Property and [] Austin's personal property loss as a result of the 2022 fire." (Pl.'s Resp. Def.'s Mot. Summ. J. 6). In doing so, she cites the Coverage provisions of the Policy which state that State Farm will "pay for accidental direct physical loss" to the dwelling as well as "accidental direct physical loss" to the personal property of the insured. (Pl.'s

Resp. Def.'s Mot. Summ. J. 6 (citing Policy 18-19)). She states that these "provisions of the Policy clearly establish that Ms. Austin's Property and personal property are covered." (Pl.'s Resp. Def.'s Mot. Summ. J. 6). This argument is misguided, as this language does not support the assertion that Austin is an insured; rather, it supports the uncontested notion that the Property was covered by the Policy. State Farm does not dispute this. (Def.'s Reply Mot. Summ. J. 3, DN 45 ("State Farm is not denying coverage because the Policy fails to cover the house or personal property. State Farm is denying coverage because Ms. Austin is not an insured under the Policy.")). The Policy states that it will only pay for covered losses to an insured. (*See* Policy 17-18). Thus, the existence of coverage does not support Austin's claims unless she was an "insured."

Austin asserts that she qualifies as an insured because she was Moore's spouse. State Farm contends that Austin cannot rely on the Policy's definition of an insured as Moore's spouse under Section 21, because that section explicitly states that a spouse of a named insured qualifies as an insured only "so long as the person . . . resides primarily with that 'Named Insured.'" (Policy 17-18). Austin admits that she did not reside at the Property at the time of the fire—she explicitly states that she was "thrown out" of the Property by Moore over one year before the fire. (Austin Dep. 52:21-55:20, 115:19-22). Instead, Austin claims that "in denying Ms. Austin's claim [because she did not reside at the Property], State Farm violates [KRS 304.12-211(2)(a)-(b)]." (Pl.'s Resp. Def.'s Mot. Summ. J. 6). KRS 304.12-211(2)(a)-(b) states:

> (a)    No insurer shall use the fact that an applicant or insured incurred bodily injury as a result of domestic violence and abuse committed against him or her as the sole reason for rating or underwriting decisions, refusing to insure, refusing to continue to insure, or limiting the amount, extent, or kind of coverage available to an applicant or insured.
> (b)    If a property or casualty insurance policy excludes property coverage for intentional acts, the insurer shall not deny payment to an innocent co-insured if the loss arose out of a pattern of domestic violence and abuse and the perpetrator of the loss is criminally prosecuted for the act causing the loss. Payment to the innocent

6

co-insured may be limited to his or her ownership interests in the property as reduced by any payments to a mortgage or other secured interest.

KRS 304.12-211(2)(a)-(b).

Austin argues that this statute applies directly to her case. She avers that she would have resided on the Property, and thus been an insured under the Policy, but for Moore's domestic violence. (Pl.'s Resp. Def.'s Mot. Summ. J. 7-8). As she states:

> [] Austin was forcibly removed from her own home due to her husband's drug use and domestic violence. If State Farm required her to remain in the home, this would have required [] Austin to remain in an unsafe environment plagued by domestic violence, abuse, and drug use. Indeed, if [] Austin had stayed in the marital home, there is a good chance that she would have been injured or even killed in the fire set by [] Moore. Kentucky statutes prevent State Farm from penalizing victims of domestic violence for escaping their abusers.

(Pl.'s Resp. Def.'s Mot. Summ. J. 7-8). This contention ignores the fact that there are no allegations or evidence that Moore's ouster from the Property in November 2020 was associated with any "bodily injury" resulting from domestic violence.[1]

It is clear, however, that KRS 304.12-211 is not applicable to the case at hand. Admittedly, there is not much caselaw surrounding this statute, and the cases that have referenced it only have done so in reference to KRS 304.12-211(2)(b). *See Foreman v. Auto Club Prop.-Cas. Ins. Co.*, 617 S.W.3d 345 (Ky. 2021); *Ky. Farm Bureau Mut. Ins. Co. v. Dixon*, No. 2013-CA-001436-MR, 2014 WL 3722172 (Ky. App. July 25, 2014); *Shelter Mut. Ins. Co. v. Sosnin*, No. 3:09-CV-42-H,

---

[1] Austin states that she "has photographs of bruises and cuts on her body caused directly by Mr. Moore." (Pl.'s Reply Mot. Declaratory J. 2, DN 2). This evidence, however, is not provided in the record. She also claims that she "was granted an Emergency Protective Order due to the serious nature of [Moore's] abuse[,]" which is likewise not in the record. (Pl.'s Reply Mot. Declaratory J. 2). These assertions fail to demonstrate that any alleged bodily injury suffered by Austin related to, or was the result of, her ultimate dispossession from the Property in November 2020. Moreover, when questioned about her final removal from the Property, Austin did not reference any bodily injury she sustained; rather, stated that the rationale was for "[Moore's] girlfriend to move in." (Austin Dep. 52:21-53:2).

2011 WL 4862188 (W.D. Ky. Oct. 13, 2011). None of these cases directly support Austin's proposition. In *Shelter*, this Court found that a husband who had engaged in domestic violence against the insured committed the intentional act of burning the insured's barn. *Shelter Mut. Ins. Co.*, 2011 WL 4862188, at *1-2. This Court held that an insurance company's denial of coverage due to an "intentional act arising out of the pattern of domestic violence" would be in direct contradiction with KRS 304.12-211(2)(b). *Id.* at *1-2.[2] By contrast, State Farm "never denied [Austin's] claim based upon the intentional acts of Mr. Moore", and Moore's act of burning the residence cannot be considered an act of violence against Austin who had lived elsewhere for well over a year. (Def.'s Reply. Mot. Summ. J. 6). Rather, Austin's claim was denied because she does not qualify as an insured under the Policy. (Decision Letter 1).

The Kentucky Court of Appeals in *Dixon* remanded the case back to the district court to determine if a shooting that resulted in bodily injury constituted an intentional act. *Dixon*, 2014 WL 3722172, at *2-3. This case is equally inapplicable to the current facts because Moore's act of setting fire to the Property was not the reason for denial of Austin's claim, and there is no proof that Austin suffered a bodily injury when forced from the Property. (*See* Decision Letter 1).

Austin relies on Kentucky Supreme Court's opinion in *Foreman* to support her assertion that KRS 304.12-211 applies to her situation. (Pl.'s Resp. Def.'s Mot. Summ. J. 7). In *Foreman*, the statute is only mentioned in a concurrence, which explains that "KRS 304.12-211 provides relief to the innocent-victim spouse" and that "[v]ictims of domestic violence receive this extra protection, at least in part, because we, as a society, do not want to victimize them any further." *Foreman*, 617 S.W.3d at 354 (Keller, J., concurring). There is no question the statute protects

---

[2] In *Shelter*, this Court ultimately returned the case to its active docket "for a more particular consideration" whether the husband's intentional act fell "within the ambit of . . . the legislative prohibitions in KRS [] 304.12-211." *Shelter Mut. Ins. Co.*, 2011 WL 4862188, at *2.

8

victims of domestic violence and reflects the public policy concerns of denying innocent co-insureds their insurance benefits. KRS 304.12-211, however, simply does not apply to Moore's claim. (*See* Def.'s Reply Mot. Summ. J. 5-7).

KRS 304.12-211(2)(a) states that "[n]o insurer shall use the fact that an applicant or insured incurred bodily injury as a result of domestic violence and abuse committed against him or her as the sole reason" for denying him or her coverage. KRS 304.12-211(2)(a). State Farm committed no such violation here as its denial is not predicated on any abuse suffered by Austin. Moore was the only named insured, and Austin is not insured under Section 21 of the Policy because did not reside at the Property. (Policy 2-4, 15-18). State Farm clearly did not deny Austin coverage because she incurred bodily injury as the result of domestic violence. (Decision Letter 1). Even if, *arguendo*, the Court equated the denial of coverage for not being a resident of the Property with a denial of coverage for being a victim of domestic violence, the record indicates that Moore's abuse was not the sole reason Austin left the Property. Austin claims she was forcibly removed from her own home due to her husband's drug use and that she was "thrown out" of the Property so that Moore's girlfriend could move in. (Pl.'s Resp. Def.'s Mot. Summ. J. 7; Austin Dep. 52:21-53:8). There is no evidence in the record, however, that Austin suffered any bodily injury associated with her ultimate removal from the Property. (Decision Letter 1). Moreover, because Austin is not an insured under the Policy, she therefore cannot be considered "an innocent co-insured" under KRS 304.12-211(2)(b).[3]

---

[3] KRS 304.12-211(2)(b) is also inapplicable because State Farm did not deny coverage to Austin based upon Moore's intentional act. Even if it did, there is no evidence that the fire set by Moore constitutes a "loss ar[ising] out of a pattern of domestic violence." Certainly, Moore cannot be "prosecuted for the act causing the loss[,]" as he subsequently committed suicide when he set his house on fire.

9

Because Austin is not an insured under the Policy, her claim for breach of contract must be dismissed. Similarly, Austin's claim seeking declaratory judgment that she has "an insurable interest" in the Property and that State Farm must pay her claim under the Policy is also dismissed. (Compl. ¶¶ 52-66). State Farm's summary judgment motion is granted.

### 2. *Doctrine of Reasonable Expectations*

Austin also argues that she "is entitled to insurance proceeds due to the Reasonable Expectations Doctrine in Kentucky." (Pl.'s Resp. Def.'s Mot. Summ. J. 8). She asserts that she "reasonably relied upon the homeowner's insurance Policy that was procured by her husband" and "had absolutely no reason to believe that their marital home was not protected by the Policy." (Pl.'s Resp. Def.'s Mot. Summ. J. 9). State Farm points out that the doctrine of reasonable expectations does not apply here, because the doctrine requires there be ambiguity in the contract language. (Def.'s Reply Mot. Summ. J. 7-8); *see Thomas v. State Farm Fire & Cas. Co.*, 626 S.W.3d 504, 506 (Ky. 2021) ("[T]he reasonable expectations doctrine 'applies only to policies with ambiguous terms.'" (citation omitted)).

The Policy language is not ambiguous, and "[w]hen the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced." *Ky. Ass'n of Cntys. All Lines Fund Tr. v. McClendon*, 157 S.W.3d 626 (Ky. 2005) (citation omitted). The Policy clearly delineates who is considered an insured: either (1) a named insured or (2) one who qualifies under Section 21 within the Policy's Definitions. (Policy 15-18). As previously discussed, Austin is neither. Although it is true that "ambiguity may either appear on the face of the policy or . . . when a provision is applied to a particular claim[,]" the Policy is not ambiguous in either case here. *St. Paul Fire & Marine Ins. Co. v. Powell-Walton-Milward, Inc.*, 870 S.W.2d 223, 227 (Ky. 1994). Austin did not reside at the Property when Moore set the fire, which is an explicit requirement for

10

an "insured" under Section 21. Austin's assertion of the doctrine of reasonable expectations fails because the Policy provisions are not ambiguous.

        **B.**        **Motion for Declaratory Judgment**

The Court has already granted summary judgment for State Farm regarding Austin's claim for declaratory judgment. Because Austin is not an insured under the Policy, her separate motion for declaratory judgment is denied as moot.

        **C.**        **Motion to Certify Question of Law to the Kentucky Supreme Court**

State Farm's motion for summary has been granted and Austin's claim for breach of contract is dismissed on the grounds that Austin does not qualify as an insured. There is no need to certify a question to the Kentucky Supreme Court concerning the time limitations under the Policy. Austin's motion, therefore, is denied as moot.

        **V.**        **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Summary Judgment (DN 40) is **GRANTED**. Plaintiff's claims for breach of contract and declaratory judgment are dismissed. The following claims, which were bifurcated from the breach of contract claims, remain: (1) breach of the duty of good faith and fair dealing (bad faith); (2) a violation of the Kentucky Unfair Claims Settlement Practices Act; and (3) a violation of the Kentucky Consumer Protection Act.

2. Plaintiff's Motion for Declaratory Judgment (DN 38) and Motion to Certify Question of Law to the Kentucky Supreme Court (DN 44) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

May 6, 2025

cc:    counsel of record